# IN THE COURT OF APPEALS OF IOWA

No. 18-0922
Filed June 19, 2019

**ESTATE OF KWAN RIM,**
        Plaintiff-Appellant,

**vs.**

**WELLMARK, INC. d/b/a WELLMARK BLUE CROSS AND BLUE SHIELD OF
IOWA and WELLMARK HEALTH PLAN OF IOWA, INC.,**
        Defendants-Appellees.
_____

        Appeal from the Iowa District Court for Polk County, Douglas F. Staskal,

Judge.


        A decedent's estate appeals from a district court review affirming the denial

of health insurance coverage for a vast majority of an extended hospital stay.

**AFFIRMED.**


        Rebecca A. Brommel of Brown, Winick, Graves, Gross, Baskerville and

Schoenebaum, P.L.C., Des Moines, for appellant.

        Mitchell R. Kunert of Nyemaster Goode, P.C., Des Moines, for appellees.


        Heard by Vaitheswaran, P.J., and Potterfield and Tabor, JJ.

**VAITHESWARAN, Presiding Judge.**

A retired University of Iowa employee sought coverage from his health insurance plan for an extended hospital stay in South Korea. This appeal flows from the denial of coverage for the vast majority of his hospitalization.

## I.    *Background Facts and Proceedings*

Kwan Rim was enrolled in the UIChoice Retiree group health plan, sponsored and funded by the University of Iowa and administered by Wellmark Blue Cross and Blue Shield of Iowa (Wellmark). He fell in his South Korean apartment and was hospitalized for more than a year.

Rim filed a claim with Wellmark for hospital services provided between October 8, 2014, and December 4, 2015. Wellmark concluded the services received from January 1, 2015, through December 4, 2015, were "considered long term care and custodial care," which were "not covered" by his plan.

Rim sought external review. *See* Iowa Code ch. 514J (2016) (governing "External Review of Health Care Coverage Decisions"); *see also id.* § 514J.105 ("A covered person or the covered person's authorized representative may make a request for an external review of a final adverse determination."). An independent review organization (IRO)[1] approved by the Iowa Insurance Commissioner[2] evaluated the medical records from the South Korean hospital and found certain "clinical records" were "largely illegible as they [were] written in

---

[1] An "independent review organization" is defined as "an entity that conducts independent external reviews of adverse determinations and final adverse determinations." Iowa Code § 515J.102(26).

[2] With one exception, "all requests for external review shall be made in writing to the commissioner." Iowa Code § 514J.105.

Korean font" and "[t]he format of the records [was] difficult to determine, and the headings of the sections of the documentation were not translated." The IRO overturned Wellmark's denial of coverage from January 1, 2015, through January 31, 2015, but affirmed the denial of coverage for the balance of Rim's hospitalization, reasoning the stay was medically unnecessary.

Rim filed a petition for judicial review. *See id.* § 514J.110(2)(a) (authorizing petitions for judicial review of external review decisions). Rim cited the judicial review standards of Iowa Code chapter 17A, governing review of agency action. Wellmark answered and denied "the alleged applicability of Iowa Code Chapter 17A." Meanwhile, Rim passed away, and his estate was substituted as a party.[3]

The district court declined to apply the judicial review standards of chapter 17A. The court next addressed Rim's concern with the IRO's inability to decipher certain records and concluded there was "nothing in the law that required Wellmark to have Rim's medical records translated into English." Finally, the court affirmed the IRO's determination that the bulk of the hospital stay was medically unnecessary. Rim appealed.

## II.     *Applicability of Iowa Code Chapter 17A*

Rim insists the judicial review provisions of Iowa Code chapter 17A govern review of the IRO's decision. We are unpersuaded.

Chapter 17A governs review of agency action. *See id.* § 17A.1(2). An agency is defined as a "board, commission, department, officer or other

---

[3] We will refer to the estate as Rim.

administrative unit of the state." *Id.* § 17A.2(1).  The IRO is not a unit of the state. It is a limited liability corporation based in Utah.

Rim responds that the Iowa Insurance Division's involvement triggered the judicial review standards of chapter 17A.  But Rim does not challenge the commissioner's conduct; he exclusively challenges the IRO's decision.  *See id.* § 514J.110(2)(b) (stating the Iowa insurance commissioner "shall not be named as a respondent unless the petitioner alleges action or inaction by the commissioner under the standards articulated in section 17A.19, subsection 10").  The commissioner's approval of the IRO and oversight of the external review process cannot transform the decision into "agency action," as Rim contends, because the definition of "agency action" necessarily harkens back to the definition of agency. As the IRO is not an agency and Rim does not contest any action of the Insurance Division, which is an agency, the standards governing review of agency action are inapplicable.

### III.    *Obligation to Translate Records*

Rim next contends the district court erred in determining Wellmark had no duty to provide the IRO with translated medical records.  We need not decide whether Wellmark has a general duty to translate medical records from other languages to English because, in this case, the South Korean medical records contained enough English on which to ground the coverage decision.  As the district court stated, "it is very clear that the [IRO] reviewer had no trouble determining from the records the exact injuries that Rim suffered when he fell as well as the exact nature of the medical care and procedures he underwent at [the South Korean hospital] as a result."  The court also noted that "the reviewer did not

rely solely on the medical records in conducting the review. He also relied on billing statements and on standard medical texts and references regarding the usual nature, including length of hospital stay, of treatment for injuries of the type Rim suffered."

Because the medical records were sufficiently intelligible to render a coverage decision by an English reader, we also need not determine who should bear the costs of translation, if translation were required.

### IV. *Decision of the Independent Review Organization*

Finally, Rim contends the district court erred in affirming the IRO's decision. He bases his contention on the insufficiency of the records. As discussed, we discern no error in the district court's conclusion that the records were sufficient.

We turn to the IRO's fact findings. Per statute, "[t]he findings of fact by the independent review organization conducting the external review are conclusive and binding on appeal." *Id.* § 514J.110(2)(b); *see also Gjerde v. United HealthCare Plan of the River Valley, Inc.*, No. 13-1624, 2014 WL 5862034, at *6 (Iowa Ct. App. Nov. 13, 2014). The IRO found "[t]he patient did not require an inpatient hospitalization level of care for the entirety of 2015. The records do not support the patient's rehabilitation provided at a level that was appropriate for an inpatient level of care, and could have been completed at a lower level of care." This finding is binding on appeal. Because it is undisputed that Rim's policy disallowed coverage for a lower level of care, it follows that the IRO did not err in denying coverage for the bulk of Rim's hospital stay.

We affirm the district court ruling on judicial review of the IRO's decision.

**AFFIRMED.**